**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEANDRE A. MULLINS,

                Petitioner,            Case Number: 2:11-CV-14678

v.                                      HONORABLE ARTHUR J. TARNOW

KENNETH MCKEE,

                Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD**
**CASE IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

      Petitioner Deandre A. Mullins is a state inmate presently incarcerated at the Bellamy

Creek Correctional Facility in Ionia, Michigan, pursuant to convictions for first-degree criminal

sexual conduct and assault with intent to rob while armed.  He has filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254, challenging the convictions on four grounds.  He also has

filed a motion to hold case in abeyance in which he asks the Court to stay his petition while he

exhausts additional claims in state court.

**I. Background**

      Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree

criminal sexual conduct and assault with intent to rob while armed.  Petitioner filed an appeal of

right in the Michigan Court of Appeals, raising these claims:

      I.      Defendant-appellant is entitled to a new trial where the trial court erred in
            admission of other acts evidence pursuant to MRE 404B.

      II.     One of the prosecution's witnesses sequestered from the courtroom heard
            evidence from one of the police reports and was allowed by the judge to still take
            the stand.

III.    Defendant's trial attorney was ineffective for failing to request a change of venue due to pretrial publicity and failing to seek to close the courtroom in order to prevent public exposure to information which, it was hoped, would be ruled admissible, and defendant's face was on the news two days before an impromptu photo lineup was done and the jury was exposed to pretrial publicity that was prejudicial to defendant.

IV.    The court erred in permitting the prosecution to play a surveillance videotape for the jury.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Mullins*, 2010 WL 99003 (Mich. Ct. App. Jan. 12, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised on direct review.  The Michigan Supreme Court denied leave to appeal. *People v. Mullins*, 488 Mich. 910 (Mich. 2010).

Petitioner then filed the pending petition, raising the same claims raised on direct appeal. He simultaneously filed a Motion to Hold Case in Abeyance.

## II.  Discussion

Petitioner asks the court to stay his petition because he would like to exhaust additional claims in state court – that his trial and appellate counsel were ineffective.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005).  The "stay-and-abeyance" procedure is available provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.  Conclusion

Accordingly, it is **ORDERED** that Petitioner's "Motion to Hold Case in Abeyance" is **GRANTED**. The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. If Petitioner fails to file a motion for relief from judgment with the state trial

court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  November 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 9, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary