UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE A. MULLINS,

        Petitioner,        Case Number: 2:11-CV-14678

v.        HONORABLE ARTHUR J. TARNOW

KENNETH MCKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS, DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION TO STRIKE, AND REQUIRING SUPPLEMENTAL PLEADINGS

     Michigan state prisoner Deandre A. Mullins filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for four counts of first-degree criminal sexual conduct first-degree home invasion, and assault with intent to rob while armed.  Petitioner filed a motion to stay the proceedings so that he could exhaust unexhausted claims in state court. The Court granted the motion, stayed further proceedings, and administratively closed the case.  Petitioner subsequently filed a motion to reopen the case and an amended petition.  On February 17, 2015, the Court granted Petitioner's motion to reopen and ordered Respondent to file a responsive pleading.  Now before the Court are Respondent's Motion to Dismiss and Petitioner's Motion to Strike.

     Respondent argues that the petition should be dismissed because Petitioner failed to comply with the terms of the stay.  The stay was conditioned upon Petitioner filing a

motion for relief from judgment with the state trial court within sixty days from the date of the stay order and filing a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings. Petitioner filed his motion for relief from judgment within the sixty days prescribed in the Court's stay order, but did not return to this Court within sixty days after exhausting state court remedies. Instead, he filed an amended petition in this Court approximately five months beyond the sixty-day period. Respondent asks that the case be dismissed on that basis.

Petitioner argues that he acted diligently in filing his amended petition, but was prevented from timely filing an amended petition and motion to reopen because prison officials destroyed his legal documents. He states that he received replacement copies of his legal documents on May 2, 2014, over two months after the sixty-day period had expired. The Court will assume that the sixty-day time period began running on the date that Petitioner received his legal documents. Petitioner, however, still filed his motion and amended petition approximately three weeks after the sixty-day time period expired. Nevertheless, given that Petitioner was only three weeks late in filing his motion and amended petition, that the delay was not attributable to bad faith or a lack of diligence, and that Respondent fails to allege and the Court discerns no prejudice to Respondent, the Court finds that Petitioner substantially complied with the Court's Order. *Accord Norris v. Lafler,* 2008 WL 786661, *4 (E.D. Mich. March 20, 2008) (finding substantial compliance with the conditions of a stay where petitioner filed state motion for relief from judgment several months outside 60-day time period).

Respondent also argues the petition should be dismissed under the concurrent sentence doctrine, because Petitioner currently serves concurrent sentences for other convictions. "The concurrent sentence doctrine permits a federal court to decline to review habeas corpus petitions 'which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Wilson v. Straub*, 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002), *quoting Ayers v. Doth*, 58 F. Supp. 2d 1028, 1033 (D. Minn. 1999). The Sixth Circuit "has been admittedly hesitant to apply this doctrine, invoking it only when there is no possibility of 'adverse consequences' if the convictions stand." *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010) (citations omitted). Adverse consequences that will prevent a court from applying the doctrine include: "an effect on parole or a potential pardon, the existence of state recidivist statutes, the possibility of impeachment at a future trial, the potential for use as evidence of a prior bad act, and possible stigma." *Id.* Respondent fails to demonstrate a lack of collateral consequences attaching to Petitioner's convictions. The Court declines to invoke the concurrent sentence doctrine

Finally, Respondent argues that the petition should be dismissed because the amended petition raises claims unrelated to the convictions challenged in the original petition. The Court agrees that the amended petition does not clearly set forth the claims raised or the convictions challenged. Petitioner currently has a habeas petition pending before the Honorable Stephen J. Murphy. That petition challenges convictions resulting

from a home invasion/sexual assault occurring on July 1, 2007. The amended petition filed in this case appears to reference and raise claims related to the July 1, 2007 crimes, but also makes reference to circumstances surrounding the convictions challenged in this petition. The Court finds that the confusion generated by Petitioner's amended petition is not sufficient grounds for dismissing the entire petition. But, the Court will require Petitioner to clarify the claims raised in his amended petition. This clarification should set forth only those claims relevant to the convictions challenged in this petition, and not those that relate only to the petition pending before Judge Murphy.

Finally, Petitioner filed a Motion to Strike Respondent's Answer in Opposition and/or Application to File Response to Respondent's Answer. Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and infrequently granted. *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice.") (internal citations omitted). Respondent's motion is not of the type properly stricken under Rule 12(f). Alternatively, Petitioner requests permission to file a response to the motion and incorporates his response in the motion. The Court grants Petitioner permission to file a response and accepts the response for filing.

Accordingly, the Court DENIES Respondent's Motion to Dismiss (dkt. # 11). The Court DENIES IN PART AND GRANTS IN PART Petitioner's Motion to Strike Respondent's Answer in Opposition and/or Application to File Response to Respondent's Answer (dkt. #13). The Court denies the motion to strike and grants the application to file a response to Respondent's answer.

Further the Court ORDERS Petitioner to file a supplemental pleading listing the claims raised in his habeas petition (both original and amended). He need not restate the arguments already included in his original and amended petition, but must set forth, in one document, the claims raised in this petition. Petitioner shall file this supplemental pleading within 60 days from the date of this Order. Respondent shall file a response addressing the merits of these claims within 60 days from the filing of Petitioner's supplemental pleading.

SO ORDERED.

S/Arthur J. Tarnow
Arthur J. Tarnow
SeniorUnited States District Judge

Dated: August 3, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 3, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant